UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Heather Lowrey, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket No. 1:20-CV-0321-AJ |
| | ) |
| Christopher C. Braga, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' FIRST SET OF INTERROGATORIES
### TO BE ANSWERED BY PLAINTIFF HEATHER LOWREY

Pursuant to Rules 26(b)(1), 33, and 34 of the Federal Rules of Civil Procedure, the Defendants **Charlita H. Vicente, Merilyn J. Lien, Keith C. Gray and Belknap County [Department of Corrections]** propound the following First Set of Interrogatories on Plaintiff Heather Lowrey in accordance with the instructions and definitions set forth below.

### INSTRUCTIONS AND DEFINITIONS

A.   To the extent that you object to any of the following Interrogatories (or definitions and instructions applicable hereto), answer as much of such Interrogatory and identify or produce the relevant documents in response thereto as is not objected to and state specifically each ground upon which an objection is made.  In the event any objection is made upon grounds of asserted privilege, state the nature of the privilege claimed and describe the subject matter to which such claim of privilege relates. If you claim that the attorney-client privilege and/or the attorney work-product doctrine is applicable to any response, document, or other thing, you shall, with respect to that response, document, or other thing:

      i. State the date of the origination, drafting, making or taking thereof;

      ii. Identify each and every author, maker or originator thereof;

      iii. Identify each and every person from whom the document or other thing was received;

      iv. State the present location of the document or other thing and all copies thereof;

      v. Identify each and every person who has or ever had possession, custody or control of the document or other thing or any copy thereof; and

      vi. Provide sufficient further information concerning the document or other thing and the circumstances thereof to explain the claim of privilege and to permit the adjudication of the propriety of that claim.

B. <u>These Interrogatories shall be deemed continuing.  You shall produce, in the form of supplementary answers, any information or documents requested herein which are unavailable to you at the time you submit your answers hereto, but which become available to you or to any of your attorneys, agents, or representatives up to the time of trial without further notice.</u>

C. Each Interrogatory shall be accorded a separate answer.  Responses shall not be made by internal reference to prior responses.

D. For each Interrogatory, Plaintiff is instructed to provide the name and address of any individuals, excluding her attorney(s), who assisted Plaintiff in preparing responses to these Interrogatories.

E. In each instance where an Interrogatory is answered upon information and belief, it is requested that Plaintiff set forth the basis for such information and belief.

  F. In each instance where Plaintiff denies knowledge or information sufficient to answer an Interrogatory, it is requested that Plaintiff set forth the name and address of each person, if any, who is known by Plaintiff to have such knowledge.

  G. In answering these Interrogatories, you are required not only to furnish such information as you know of your own personal knowledge, but also information available to you, including, but not limited to, information that is in the possession of or has been obtained by your attorneys, agents, assigns, representatives, or any other person acting on your behalf.

  H. Plaintiff shall serve answers to these Interrogatories within thirty (30) days after such service of these Interrogatories.

  I. The use of the singular form of any word includes the plural and vice versa.

  J. The terms "all" and "each" shall be construed as all and each.

  K. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  L. The following definitions shall apply to these Interrogatories:

   (1) The terms "Plaintiff" or "Lowrey" shall refer to Plaintiff Heather Lowrey in this matter, as well as any employees, agents, representatives, attorneys, and any individual or entity acting on behalf of Lowrey.

   (2) The terms "you," "your" or "you or anyone acting on your behalf" includes Plaintiff and Plaintiff's agents, representatives, insurance companies, attorneys, accountants, investigators, and anyone else acting on Plaintiff's behalf.

(3) The term "Complaint" shall refer to the operative complaint for damages filed by Plaintiff Heather Lowrey on or about January 10, 2020 in the Hillsborough County Superior Court – Northern District (removed to the United States District Court for the District of New Hampshire as Case No. 1:20-CV-0321-AJ).

(4) The term "Defendants" shall refer to Defendants Charlita H. Vicente, Merilyn J. Lien, Keith C. Gray and Belknap County [Department of Corrections], its employees, predecessors in interest, principals, shareholders, officers, agents, affiliates, representatives, members, managers, attorneys and any individual or entity acting on behalf of Belknap County Department of Corrections.

(5) The terms "incident" refer to the allegations set forth in the Complaint filed in the above-captioned case giving rise to the causes of action.

(6) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and shall include, without limitation, telephone conversations, letters, memoranda, facsimile transmissions, other written communication, electronic/e-mail communications, internet communications, social media postings (including pictures, comments, and replies), text messages, meetings or any occasion of joint or mutual presence as well as the transfer of any document from one person to another by any means.

(7) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. The term "document" shall mean all original writings of any nature whatsoever and all non-identical copies thereof, in your actual or constructive possession, custody, care or control, regardless of where located, and includes, but is not necessarily limited to, the following terms, whether printed or recorded, or filmed, or

reproduced by any other mechanical process including all electronic/e-mail communications, internet communications, internet providers and account numbers, Websites, social media postings (including pictures, comments, and replies), screen names, or written or produced by hand, or whether or not claimed to be privileged against discovery on any ground, and in the case where original and/or non-identical copies are not available, identical copies of original documents and copies of non-identical copies, namely: contracts, agreements, legal instruments, communications, correspondence, social media postings (including pictures, comments, and replies), all prior and current computer and software programs, computer discs, computer hard drives, CD ROMS, laptop computers, tape recordings, cablegrams, radiograms and telegrams, facsimile transmissions, minutes, notes, memoranda, telephone slips, studies, reports, summaries, analyses, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, sketches and drawings, plans, specifications, blue prints, purchase orders, bids, photographs, opinions, ledgers, diaries, personal calendars, and reports of consultants.

    (8) <u>Identify (with respect to persons)</u>.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and telephone number.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    (9) <u>Identify (with respect to corporate or other legal entity)</u>.  When referring to a corporate entity or other legal entity, "to identify" means to give, to the extent known, the corporate or legal entity's (i) name; (ii) place of incorporation; (iii) address and principal place of

business; (iv) identity of persons having knowledge of the matter with respect to which the corporate entity is named; and (v) telephone number.

(10) <u>Identify (with respect to documents).</u>  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

(11) <u>Identify (with respect to communications).</u> When referring to communications, "to identify" means to give, to the extent known, (i) when and where they were made; (ii) the identity of each of the makers and recipients thereof in addition to all other persons present; (iii) the medium of communication; and (iv) the substance of the statement and/or communication.

(12) The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(13) The terms "concerning" and "regarding" mean relating to, referring to, describing, evidencing or constituting.

## INTERROGATORIES

<u>Interrogatory No. 1:</u>

Identify and state any illicit drug or substance you have ever used. The term "illicit drug or substance" shall mean any drug or substance not lawfully prescribed to you, including but not limited to any Schedule I drug or substance as defined by the United States Controlled Substances Act.

**ANSWER:** **Objection by Counsel**.  This interrogatory seeks information that is not relevant or probative to any party's claim or defense and is overbroad, burdensome, not proportional to the needs of the case and not likely to lead to the discovery of admissible evidence.  The defendant has failed to make any good faith showing or proffer that the information requested is relevant to any issue in the case.  Further, the Plaintiff invokes her Fifth Amendment right against self-incrimination.

Interrogatory No. 2:

For any drug or substance identified in Interrogatory 1, state with specificity and in reverse chronological order the following information:

      a. Every date and time you used the drug or substance;

      b. The method(s) of use;

      c. The amount of drug or substance used;

      d. The location where you used the drug or substance;

      e. Any individuals who were present at the time you used the drug or substance;

      f. The individual or individuals from whom you acquired the illicit drug, the date acquired, and the location where the illicit drug or substance was acquired.

**ANSWER: Objection by Counsel**. This interrogatory seeks information that is not relevant or probative to any party's claim or defense and is overbroad, burdensome, not proportional to the needs of the case and not likely to lead to the discovery of admissible evidence. The defendant has failed to make any good faith showing or proffer that the information requested is relevant to any issue in the case. Further, the Plaintiff invokes her Fifth Amendment right against self-incrimination.

Interrogatory No. 3:

Identify each and every individual that you communicated or interacted with between January 20, 2018 and January 30, 2018. Please organize your response based on the date of communication or interaction and in reverse chronological order. For each individual identified in this interrogatory, please provide the following information:

  a. The individual's name, last known address, and telephone number;

  b. The date and time of interaction;

    c. The method and mode of communication or interaction (i.e. whether via in person, telephonically, text message. etc.); and

    d. The substance and content of the communication or interaction.

**ANSWER: Objection by Counsel**. This interrogatory is overly broad, unduly burdensome and not proportional to the needs of the case. Without waiving or limiting said objection, I communicated verbally with my parents, the staff and inmates at BCDOC, the staff at Lakes Region General Hospital, and the staff at Dartmouth-Hitchcock Medical Center, but I do not recall much regarding those communications. I refer to my BCDOC file and my medical records from each provider for any details. See also my response to Interrogatory #7 below.

Interrogatory No. 4:

Identify the particular charges/criminal proceedings that led to your incarceration at Belknap County Department of Corrections. In answering this interrogatory, please identify the date, location, and victim (if any) of any crime/charges alleged, the police agencies and officer(s) involved, and the ultimate disposition of all such charges.

**ANSWER: Objection by Counsel**. This interrogatory seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving or limiting said objection, I was arrested on 1/22/18 for 318-B:2 Possession of a Drug Felony and 504-A:4 violation of probation or parole. I pled guilty and my sentence was suspended for good behavior and receipt of drug counseling. My probation was extended for 3 years and it came to an end in August 2020.

Interrogatory No. 5:

Please disclose and detail all litigation (which has not been annulled) in which you have been a party or witness, including but not limited to, criminal and civil litigation before any court, administrative agency, or tribunal.

**ANSWER: Objection by Counsel**. This interrogatory seeks information that is not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving or limiting said objection, there are none other than my criminal cases.

Interrogatory No. 6:

Please disclose and detail any testimony you have provided before any court, administrative agency, or tribunal. In so doing, please provide the date the testimony was provided, the subject matter of the case, the party that called you, the names and addresses of counsel for the parties, and the substance of your testimony.

**ANSWER: Objection by Counsel**.  This interrogatory seeks information that is not relevant to any parry's claim or defense subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving or limiting said objection, I have never testified before any court, administrative agency or tribunal.

Interrogatory No. 7:

Please identify any inmate witnesses [by name, address, and telephone number] whom you believe to have information about the events and circumstances you allege in your amended complaint.

**ANSWER:**   Joanne Grasso and Dustin Gray were in jail cells next to me at Belknap County Jail and heard me screaming for help but didn't receive it.  I no longer have Joanne Grasso's telephone number.  The last I knew Dustin Gray lived on Elm Street in Laconia and his telephone number is 603-996-1347.

Interrogatory No. 8.

Please identify all policies and procedures you assert support your pending claims against Defendants.

**ANSWER: Objection by Counsel**.  This interrogatory seeks information that is protected by the attorney work product doctrine and requires expert testimony which Plaintiff is unqualified to provide.  Subject to and without waiving this objection, Plaintiff refers to the allegations in her Amended Complaint and states, "I am not familiar with any policies and procedures.

Interrogatory No. 9.

Please identify any individual with whom you have communicated or interacted related to the subject matter of this lawsuit, your allegations against defendants, or your asserted injuries.

**ANSWER: Objection by Counsel**. This interrogatory seeks information that is privileged and represents attorney work product. Subject to and without waiving or limiting this objection, I've communicated with my parents, my boyfriend of two years (Jason Denoncour, 183 School Street, Tilton, #603-293-3638), my healthcare providers, Joanne Grasso and Dustin Gray.

Interrogatory No. 10:

Please identify and describe the particular conduct/action of each of the individually named county defendants named in the amended complaint that you allege supports your claim that Defendants violated Heather Lowrey's constitutional rights or otherwise failed to care for her during her confinement at Belknap County Department of Corrections.

**ANSWER: Objection by Counsel**. This interrogatory calls for expert testimony, which Plaintiff is unqualified to provide. Expert disclosures will be made pursuant to Court's Discovery Plan Order. Subject to and without waiving this objection, I refer to the allegations in my Amended Complaint.

                                      Respectfully submitted,

                                      **Charlita H. Vicente, Merilyn J. Lien, Keith C. Gray and Belknap County [Department of Corrections]**

                                      By Their Attorneys,

                                      **Gallagher, Callahan & Gartrell, P.C.**

Dated: September 18, 2020          By:   /s/ Matthew V. Burrows
                                                        Matthew V. Burrows, Esq. (#20914)
                                                        214 North Main Street
                                                        Concord, NH  03301
                                                        603-228-1181
                                                       burrows@gcglaw.com

*********************************************

The above answers and information supplied herein are full, complete and accurate to the best of my knowledge, information and belief.

Dated: __1/27__, 202_1_      ___Heather Lowrey___
                              **Heather Lowrey**

### For Verification Upon Oath or Affirmation:

STATE OF __New Hampshire__
COUNTY OF __Belknap__

Signed and sworn to (or affirmed) before me on this __27__ day of __January__, 2020 by **Heather Lowrey**, whose identity was determined by **(check box that applies and complete blank line, if any):**

☐   My personal knowledge of the identity of said person **OR**

☐   The oath or affirmation of a credible witness, _____ (name of witness), the witness being personally known to me **OR**

☒   The following identification documents: __NHL13828138__
(driver's license, passport, other).

_[Notary seal: JESSICA SERA VACHON, MY COMMISSION EXPIRES OCT. 11, 2022, NOTARY PUBLIC, NEW HAMPSHIRE]_

_____
Notary Public/Justice of the Peace
My Commission Expires: __10/11/2022__